IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 16-09372-JMC-7A |
| CHRISTOPHER ALLAN PENLEY,<br>　　　　Debtor, | CHAPTER 7<br><br>ADVERSARY PROCEEDING<br>NO._____ |
| STATE OF INDIANA,<br>　　　　Plaintiff,<br>v.<br><br>CHRISTOPHER ALLAN PENLEY,<br>　　　　Defendant. | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff State of Indiana ("Plaintiff"), by counsel, Melinda MacAnally, Deputy Attorney General, for its cause of action alleges and states as follows:

1. This is a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(7).

2. On December 13, 2016, Defendant Christopher Allan Penley ("Defendant") filed a bankruptcy petition for relief under Chapter 7 of the United States Bankruptcy Code.

3. This Court has original jurisdiction of this cause pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this Adversary Proceeding is proper in this court and Division pursuant to 28 U.S.C. § 1409(a). This Court has authority to hear and determine this Adversary Proceeding and to grant the relief requested as a core proceeding pursuant to 28 U.S. C. § 157(b)(2)(I).

5. Plaintiff is the Consumer Protection Division of the Office of the Indiana Attorney General ("CPD") and is responsible for enforcing the provisions of the Deceptive Consumer Sales Act

pursuant to Ind. Code §24-5-0.5-4(c).

6. Defendant is a person who engaged in the sale of firearms and firearm-related parts and accessories to consumers from Defendant's principal place of business and/or residence located in Hamilton County, Indiana, both individually and d/b/a D & B Guns.

7. CPD filed an Amended Complaint for Injunction, Restitution, Costs, Civil Penalties, and other Equitable Relief (the "Amended Complaint") in the Hamilton Superior Court, Cause no. 29D-0911-MI-1371 on November 24, 2009.

8. The Amended Complaint alleged violations by Defendant and a non-filing family member, of the Indiana Deceptive Consumer Sales Act, Ind. Code Art. 24-5 et. seq., including knowing misrepresentations to consumers concerning timing of delivery of items; of the characteristics, uses, and benefits of the subjects of the consumer transactions; and that consumers would be able to purchase the items as advertised on-line when Defendant(s) did not intend to sell the items as represented.

9. Defendant entered into a Consent Judgment with CPD on February 9, 2010. *See* Exhibit A.

10. Pursuant to this Consent Judgment, Defendant was ordered to pay consumer restitution pursuant to Ind. Code §24-5-0.5-4(c)(2) in the amount of $26,470.52 for allocation and distribution to affected consumers.

11. Defendant was ordered to pay the Office of the Attorney General, pursuant to Ind. Code §24-5-0.5-4(c)(3) the amount of $1,000.00 for investigation and prosecution costs.

12. Defendant was also ordered to pay civil penalties in a like amount of $26,470.52 pursuant to Ind. Code §24-5-0.5-4(g) and Ind. Code §24-5-0.5-8 for Defendant's knowing and intentional violations of the Deceptive Consumer Sales Act, payable to the State of Indiana.

13. Pursuant to the Consent Agreement, the Defendant specifically agreed that said penalty would be a non-dischargeable debt in any subsequent bankruptcy proceeding initiated by the Defendant.

14. Plaintifff seeks to have this debt declared non-dischargeable as a debt for money to the extent obtained by "false pretenses, false representation, or actual fraud". 11 U.S.C. §523(a)(2)(A).

15. Defendant's Consent Judgment for knowing and intentional violations of the Deceptive Consumer Sales Act in state court is res judicata to this Court's de novo review of whether Defendant acted with fraudulent intent under 11 U.S.C.§523(a)(2)(A).

16. With allowances for adjustments, set-offs, and repayment, the sum of **$53,441.04** in restitution, costs, and civil penalties is outstanding, overdue, and payable from Defendant to Plaintiff.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

WHEREFORE, the Plaintiff, the State of Indiana, prays that the Court (1) enter a judgment against the Defendant Christopher Allan Penley in the amount of **$53,441.04** plus adversarial filing costs incurred in filing this action; (2) order that such indebtedness owed to Plaintiff, as described in this Complaint, be declared non-dischargeable; and (3) grant Plaintiff all other just and proper relief.

Respectfully Submitted,

CURTIS T. HILL, JR.
Attorney General of Indiana
Atty. No. 13999-20

By: /s/ Melinda Hoover MacAnally
    Melinda Hoover MacAnally
    Deputy Attorney General
    Office of the Indiana Attorney General
    302 West Washington Street
    Indiana Govt. Center South, 5th Floor
    Indianapolis, IN 46204-2770
    Telephone: (317) 234-8431
    Facsimile: (317) 232-7979
    Email: Melinda.MacAnally@atg.in.gov